**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**



CASE NO:

SIDNEY LAMAR STOKES ,

3:25-cv-1491- WWB-MCR

     Plaintiff,

V.

GILDAN ACTIVEWEAR USA INC d/b/a GILDAN USA, INC,

GILDAN ACTIVEWEAR SRL

Gildan USA, Inc

     Defendants.


**VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**
**AUTH. FED. R. CIV. P. 38 (A) (B)**

Plaintiff Sidney Stokes, representing himself in pursuant to 28 U.S.C. 1654 sues Defendants

Gildan Activewear USA Inc d/b/a Gildan USA, Inc ; Gildan Activewear SRL; and Gildan USA,

Inc and alleges:


**JURISDICTION**.

1.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under

    federal law, specifically 42 U.S.C. § 1981.

2.  Jurisdiction is also proper under 28 U.S.C. § 1343(3) and (4), which provide jurisdiction

    over civil-rights actions alleging deprivation of rights secured by federal law.

3. Plaintiff brings this action pursuant to 42 U.S.C. § 1981, which prohibits intentional race discrimination and retaliation in the making, enforcement, and conditions of employment contracts.

4. Section 1981 does not require the filing of an administrative charge, but Plaintiff filed a discrimination complaint with the Florida Commission on Human Relations (FCHR) on December 2, 2025, which is described in the Facts section of this Complaint.

## PARTIES

5. Plaintiff Sidney Stokes is a natural person residing at 3254 Southside Blvd Apt 513, Jacksonville, FL 32256.

6. At all time material to this action, defendant Gildan Activewear USA Inc d/b/a Gildan USA, Inc, Gildan Activewear SRL; and Gildan USA, Inc operate collectively as the employer of plaintiff at 11530 New Berlin Rd, Unit 1, Jacksonville, Fl 32226. Defendants maintain operations and may be served at their registered address: 3600 Weems Road, Tallahassee, FL 32317 and is subject to personal jurisdiction in Florida because it operates and conducts business within the state.

7. At all times relevant to this action, Defendants employed more than 15 employees and were engaged in interstate commerce.

8. At all times relevant to this action, Ms. Gwen was a Team lead and Ms. Tina was a supervisor acting with managerial authority for Gildan.

## **FACTUAL ALLEGATIONS**

9.    Plaintiff began working for Defendant and performed his job duties satisfactorily at all relevant times.

10.    On November 28, 2025 I was subjected to racial discrimination when Team Lead Ms. Gwen made inappropriate, discriminatory, and offensive comments toward me based on my race statements referencing "Black men" and "this is why I hate working with black people", "as a black man you need to do better" and negative racial stereotypes.

11.    These comments were made publicly, causing humiliation, embarrassment, and emotional distress. Supervisor Ms. Tina works closely with Ms. Gwen. The discriminatory conduct was unwelcome, humiliating, and interfered with my conditions of employment.

12.    On November 29, 2025, during my overtime night shift, I experienced retaliation immediately the next day prior to filing the HR complaint,

13.    Specifically , Supervisor Ms. Tina deliberately assigned me late into the shift at heavy and burdensome workload to unload 4–5 trucks alone, without support. I had not unloaded trucks for months, making the assignment a clear deviation from my standard duties.

14.    When I asked which trucks specifically, I was told only: "Just keep unloading until the end of the night." This assignment was punitive, unjustified, and followed immediately after the racial incident.

15.    I filed a formal written HR complaint later the same day on November 29, 2025, documenting the racial harassment and retaliation . This protected me under Title VII's retaliation protections. *See attachment in Exhibit A and B*

16. On December 1st, 2025; I received written confirmation of the complaint from HR .During the HR investigation, I again experienced retaliatory conduct, including being ignored, not being told what my normal job duties were, treated with hostility, given the "silent treatment," and dealing with an intimidating atmosphere created by Ms. Tina and Ms. Gwen, all because I reported discrimination. *See attachment in Exhibit C and D*

17. On December 2, 2025; I filed an updated retaliation log with HR and a formal charge with the Florida Commission on Human Relations (FCHR), and received a case number. *See attachment in Exhibit E*

18. I reasonably believed I was reporting unlawful race discrimination.

19. After the investigation on December 4, 2025, HR informed Me that the Team Lead (Ms. Gwen) was terminated as a result of the investigation, which confirms the employer found wrongdoing and substantiates my original claim of racial misconduct and discrimination.

20. The firing of Ms. Gwen (Team lead) does not eliminate the discrimination or retaliation I suffered, and does not resolve the violations of federal law already committed.

21. I continue to suffer emotional distress, embarrassment, anxiety, humiliation, and damage to my employment relationship because of Defendants' actions.

22. Defendants' actions were intentional, malicious, and in reckless disregard of my federally protected rights.

## CAUSES OF ACTION

### COUNT I – Race Discrimination (42 U.S.C. § 1981)

23. Plaintiff re-alleges paragraphs 1–22.

24.   Plaintiff is African American and part of a protected class.

25.   Plaintiff was subjected to racially derogatory comments by a team lead acting in a supervisory capacity.

26.   The harassment was unwelcome, racially hostile, and created a toxic work environment.

27.   Defendant failed to prevent or correct the discriminatory behavior.

28.   As a direct result, Plaintiff suffered emotional harm, humiliation, and workplace disruption.

29.   Damages Sought:Compensatory damages, Emotional distress, Punitive damages

## COUNT II – Retaliation (42 U.S.C. § 1981)

30.   Plaintiff re-alleges paragraphs 1–29.

31.   Plaintiff engaged in protected activity by objecting to racial harassment.

32.   Plaintiff was subjected to materially adverse retaliatory actions: Being assigned 4–5 trucks alone, Sudden deviation from duties, Isolation, Silent treatment, Withholding instructions.

33.   A causal connection exists between the racial incident and the retaliation.

34.   Damages Sought:Compensatory damages, Lost wages if any future adverse actions occur, Punitive damages.

## COUNT III – Race Discrimination (Title VII)

35.   Plaintiff re-alleges paragraphs 1–33.

36.   Plaintiff was subjected to discriminatory treatment based on race.

37.   Defendant is vicariously liable for actions taken by team leads and supervisors.

## COUNT IV – Retaliation (Title VII)

38.   Plaintiff re-alleges paragraphs 1–37.

39.    The plaintiff was protected after filing the HR complaint.

40.    Defendant's leadership engaged in retaliatory behavior during and after the investigation.

## CONCLUSION

Plaintiff has been subjected to egregious racial harassment, a hostile work environment, and repeated acts of retaliation after reporting discrimination. The conduct described herein violates Plaintiff's federally protected rights under 42 U.S.C. § 1981. Defendant's actions were intentional, malicious, and carried out with reckless disregard for Plaintiff's rights and dignity.

As a result of Defendant's unlawful actions, Plaintiff has suffered emotional distress, humiliation, anxiety, mental anguish, and disruption to his working conditions. The termination of the offending Team Lead does not undo the harm already inflicted, nor does it remedy the retaliatory conduct that followed Plaintiff's protected activity.

Plaintiff respectfully brings this action to vindicate his civil rights, to hold Defendant accountable for its unlawful conduct, and to obtain full and fair compensation for the harms he has suffered. Plaintiff seeks all damages and equitable relief available under federal law, including compensatory and punitive damages, to ensure such conduct is not repeated and to affirm the protections guaranteed under federal civil-rights statutes.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Sidney lamar Stokes , hereby request damages against Gildan Activewear USA Inc d/b/a Gildan USA, Inc, Gildan Activewear SRL; and Gildan USA, Inc for loss of american dream, mental and emotional distress, mental anguish, embarrassment and humiliation, loss of enjoyment of life, loss of pride, and other pecuniary damages in the amount of Ten Million dollars ($10,000,000.00). Also Ten Million Dollars ($10,000,000.00) for defamation of character and Thirty Million Dollars ($30,000,000.00) for punitive damages to punish and deter Defendants conduct and Five Million Dollars ($5,000,000.00) compensatory . The plaintiff requested an injunction against Gildan to prevent them from retaliating against the plaintiff. He also demands a jury trial of his peers. Auth. Fed. R. Civ. P. 38 (A)(B).

Respectfully Submitted,

Sidney Stokes 7524
Southside Blvd Apt 513
Jacksonville, FL 32256
(904) 480-6076

## STATEMENT OF VERIFIATION

I have read the above complaint and it is correct to the best of my knowledge.